IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

KIRCHER V. THE MASCHHOFFS, LLC

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

MARK KIRCHER, APPELLEE,

V.

THE MASCHHOFFS, LLC, APPELLANT.

Filed December 8, 2015.    No. A-15-238.

Appeal from the Workers' Compensation Court: THOMAS E. STINE, Judge. Affirmed.

Melvin C. Hansen, of Hansen, Lautenbaugh & Buckley, L.L.P., for appellant.

Brett McArthur for appellee.

PIRTLE, RIEDMANN, and BISHOP, Judges.

PIRTLE, Judge.

INTRODUCTION

The Maschhoffs, LLC, appeals from an award entered by the Nebraska Workers' Compensation Court on February 11, 2015. The court found Mark Kircher had reached maximum medical improvement and was entitled to temporary total disability. The court also found Kircher was entitled to permanent partial disability benefits, as he sustained a 75 percent loss of earning capacity as a result of his low back injury. For the reasons that follow, we affirm.

BACKGROUND

Mark Kircher began working for his employer, The Maschhoffs, LLC (hereinafter the employer), in 2011, when the company was purchased from Kircher's previous employer. Kircher was the site manager for two hog facilities containing approximately 5,500 hogs at each site. The hogs weighed between 5 and 150 pounds. Kircher's duties included maintaining the

confinement buildings, vaccinating hogs, doing paperwork, maintaining food and water supplies, and checking pens for dead or sick hogs. Kircher dragged the dead hogs from the pen, a distance ranging between 30 and 300 feet. The dead hogs usually weighed between 60 and 100 pounds. Kircher also carried feed sacks weighing up to 50 pounds and climbed grain bins to check whether there was an adequate supply of feed available.

On November 17, 2013, Kircher was dragging a dead hog weighing between 100 and 110 pounds out of the employer's barn and felt a pop in his lower back. He immediately experienced a sharp pain, but finished his shift that day. The following day, Kircher was moving a small pig that had fallen between two slats in the floor, and felt significant pain in his back. He crawled out of the pen and to the office, then went home and did not return to work.

Kircher sought medical treatment at Quality Urgent Care in McCook and was diagnosed with a lumbo-sacral sprain. Following that, Kircher began chiropractic treatment with Dr. Michael R. Nielsen, and was treated multiple times between November 25 and December 23, 2013. Nielsen reported that Kircher achieved reasonable improvement of his symptoms considering the severity of his injury. Nielsen reported Kircher had been a patient previously and that prior to this incident, Kircher's last visit with Nielsen was in January, 2010.

Kircher visited Charles Krysl, a Physician's Assistant at the McCook Clinic. An MRI was performed revealing Kircher had mild degenerative disc disease in his lumbar spine, as well as a mild disc herniation at L5-S1. Krysl referred Kircher to Dr. David Benavides for treatment, and Benavides diagnosed him with lumbar disc herniation at L5-S1 and lumbar disc degeneration. Benavides opined that "the degenerative changes that lend themselves to the mechanical back pain are long-standing which are further exacerbated by [Kircher's] nicotine use."

Benavides ordered epidural steroid injections and Kircher received two injections which provided significant relief for his pain. Benavides ordered physical therapy for a period of 30 days. At the conclusion of physical therapy, Kircher was able to lift up to 40 pounds, but had significant difficulty lifting 50 pounds or more. The physical therapist noted Kircher would not be able to lift 50 pound feedbags as he previously had been able to do as part of his job with the employer.

Benavides opined that Kircher reached maximum medical improvement on March 7, 2014 and released him from care on that date without providing any plan for future medical treatment. He opined that Kircher would be able to resume some level of work activity, but found that Kircher would be limited to lifting 30 pounds on a frequent basis, and 45 pounds occasionally. He released Kircher to resume work on March 7, and advised him to discontinue smoking because it could hinder the healing process. He opined that Kircher did not incur any permanent partial disability from the herniation which was the result of the work incident. He stated that Kircher's restrictions were more consistent with the chronic degenerative disk changes.

Kircher returned to see Krysl after he continued to suffer pain and limitations, and was referred Dr. David Diamant. Diamant reviewed Kircher's MRI and found that it was "quite unremarkable" for a man of Kircher's age. Diamant diagnosed him with chronic low back pain that spreads intermittently to the lower limbs and "mild lumbar spondylosis of L3-4 and L4-5,

small disc herniation left L5-S1." Diamant treated Kircher with medication and suggested the use of a TENS unit. Kircher stated that he responded favorably to the TENS unit.

Diamant asked Kircher if he had symptoms similar to what he experienced in November 2013 at any time prior, and he indicated that he had not. Diamant opined that Kircher's pain and limitation were related to the work injury and that he was not at maximum medical improvement. Diamant opined that it was appropriate for Kircher to return to work at a light to medium physical demand level, lifting a maximum of 35 pounds on an occasional basis and no more than occasional bending, stooping, or twisting of the trunk.

Dr. Sunil Bansal performed an independent medical examination on October 1, 2014, and diagnosed Kircher with lumbar disc herniation with radiculopathy at L5-S1. Bansal's report stated that the injury was sustained while carrying dead hogs, although Kircher reported to other providers that he was dragging the hog. Bansal noted that prior to his work injury Kircher did not experience back problems, and was able to perform his job duties without difficulty. Therefore, Bansal concluded, that from both "mechanistic and temporal standpoints," Kircher's condition was related to his work injury at the employer's farm. Bansal supported this opinion by citing research from the Mayo Clinic which stated "lifting large heavy objects can lead to a herniated disc." Bansal placed Kircher at maximum medical improvement on March 7, 2014, at the time of his last appointment with Benavides. Bansal also assigned a 10 percent whole person impairment, and recommended lifting restrictions of 25 pounds occasionally, and 10 pounds frequently.

This matter came before the Nebraska Workers' Compensation Court on January 27, 2015. Kircher testified that he discontinued working two days after the work injury. He did not return to work and he continues to wear a TENS unit which he believes provides some relief of his symptoms. He testified that he continues to feel pain radiating through his legs and continues to smoke a pack of cigarettes per day.

The court entered an award on February 11, 2015 finding Kircher sustained an accident and injury on November 17, 2013, and he is entitled to workers' compensation benefits. The court found Kircher reached maximum medical improvement on March 7, 2014 and he was entitled to temporary total disability benefits from November 20, 2013 to March 7, 2014. The court reviewed the impairment rating, Kircher's statement of his abilities and his medical records and found Kircher sustained a 75 percent loss of earning capacity as a result of his injury. The court awarded permanent partial disability payments in the amount of $372.82 for 284 4/7 weeks, commencing March 8, 2014. The employer timely appeals.

ASSIGNMENTS OF ERROR

The employer asserts the Workers' Compensation Court erred in failing to provide a reasoned opinion, and erred in awarding benefits for a 75 percent loss of earning capacity.

STANDARD OF REVIEW

On appellate review, the factual findings made by the trial judge of the Workers' Compensation Court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Armstrong v. State,* 290 Neb. 205, 859 N.W.2d 541 (2015).

A judgment, order, or award of the Workers' Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Damme v. Pike Enterprises Inc.,* 289 Neb. 620, 856 N.W.2d 422 (2014).

In testing the sufficiency of the evidence to support the Workers' Compensation Court's findings, we consider the evidence in the light most favorable to the successful party. *Id.* We resolve every controverted fact in the successful party's favor and give that party the benefit of every inference that is reasonably deducible from the evidence. *Id.*

ANALYSIS

The parties stipulated that Kircher was injured in the course and scope of his employment, and that his weekly wage for purposes of determining workers' compensation benefits was $745.64. The Workers' Compensation Court found that Kircher had reached maximum medical improvement, and that he was entitled to temporary total disability and permanent partial disability benefits. The court determined that Kircher sustained a 75 percent loss of earning capacity as a result of his work accident. The court issued a detailed order thoroughly discussing Kircher's medical condition based on the opinions of multiple physicians. The court clearly communicated its reasoning for finding Kircher had reached maximum medical improvement, and its finding that he was entitled to temporary total disability and permanent partial disability benefits.

The only portion of the award at issue in this appeal is the court's determination that Kircher had sustained a 75 percent loss of earning capacity as a result of his work accident. The employer asserts there was not sufficient evidence to support a finding that Kircher had sustained a 75 percent loss of earning capacity. Further, the employer asserts the award of the Workers' Compensation Court does not meet the requirements of Neb. W. Comp. Ct. R. 11(a), which requires the court to put forth reasoned opinions that "provide the basis for meaningful appellate review" by specifying the evidence upon which the judge relies. Specifically, the employer asserts that there is no evidence in the record showing Kircher's prior employment, skill level, academic record, work available in the area, or testimony regarding Kircher's ability to obtain or maintain employment after the accident.

There is evidence that Kircher's work injury resulted in functional limitations that prevent him from being able to perform the duties he was responsible for as site manager of the employer's hog farms. His job duties included lifting, dragging, climbing, and crawling, all movements which are affected by his injuries. Doctors Benavides, Bansal, and Diamant opined that Kircher should limit frequent lifting to between 10 and 30 pounds, and occasional lifting to between 25 and 45 pounds. Bansal also assigned Kircher a 10 percent whole person impairment as a result of his injuries. Bansal found Kircher should avoid frequent bending, squatting, climbing, sitting, standing, and should walk only as tolerated. Bansal recommended Kircher avoid sitting for more than 60 minutes at a time, standing for more than 30 minutes at a time, and walking for more than 30 minutes at a time. Kircher testified that he completed 12th grade, and testified that in the most recent years, his work experience only included work on the hog farm.

We consider the evidence in the light most favorable to Kircher, resolve every controverted fact in his favor, and give him the benefit of every inference that is reasonably deducible from the evidence. In doing so, we find there is sufficient evidence to show that Kircher's work injuries and functional limitations certainly affect his ability to hold his position as site manager on the hog farm and his ability to obtain similar work. He would not be eligible for or able to perform in positions which included prolonged sitting or standing, or a physical component like squatting, bending, or pulling. His options are further limited by his age, education level, and the small labor market in which he lives and worked.

A judgment, order, or award of the Workers' Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Damme v. Pike Enterprises Inc.,* 289 Neb. 620, 856 N.W.2d 422 (2014). We find the court was not clearly wrong in determining Kircher sustained a 75 loss of earning capacity as the result of the injury to his low back. Thus, there are not sufficient grounds to modify, reverse or set aside the workers' compensation court's award.

The order of the workers' compensation court stated that the court had "reviewed in detail the impairment rating, plaintiff's statements of his abilities, the various medical records outlining plaintiff's permanent restrictions and limitations, and the various factors used to determine a loss of earning capacity as set forth in *Sidel v. Travelers Insurance Co.,* 205 Neb. 541, 288 N.W.2d 482 (1980)." The order set forth the information on which the court relied in making the determination regarding Kircher's earning capacity. Therefore, we find the court put forth a reasoned opinion as required by Neb. W. Comp. Ct. R. 11(a).

CONCLUSION

We find the workers' compensation court's decision in this case met the requirement to provide a reasoned opinion, and the court did not err in awarding benefits for Kircher's loss of earning capacity.

AFFIRMED.